# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br><br>GERARDO MOJARRO (35),<br>      Defendant. | CR 17-432(A) DSF<br><br>Order DENYING Motion for Severance (Dkt. No. 466) |

    Defendant Gerardo Mojarro moves to sever his trial from that of his co-defendants.

    Mojarro first argues he should not have been joined in the indictment under Rule 8(b) of the Federal Rules of Criminal Procedure. Under Rule 8(b):

> [t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "Because the goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice, Rule 8(b) is construed liberally in favor of joinder."

United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999) (internal quotation marks, brackets, and citations omitted). "In determining whether two or more offenses are part of the same series of acts or transactions constituting an offense, this court looks for a 'logical relationship' between the offenses," which "may be shown by the existence of a common plan, scheme, or conspiracy." Id. (internal quotation marks and citations omitted).

Mojarro's joinder was proper. He is alleged to have been a member of the overarching conspiracy charged in the Indictment. That he may not have participated in every aspect of the conspiracy or in every count charged does not mean he is misjoined.

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Ninth Circuit has developed a four-part test to aid courts in deciding whether to sever a case under Rule 14. United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008). Under this test, courts assess prejudice with the following in mind: "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. (internal quotation marks omitted).

The Court sees no reason to sever Mojarro under Rule 14(a). Mojarro's motion raises no specific reason to doubt that Mojarro

would receive a fair trial beyond the sheer size of the case and number of defendants. The evidence against Mojarro overlaps greatly with the other defendants. There is no reason to doubt the jury's ability to assess the evidence against Mojarro individually or to doubt the Court's ability to instruct the jury on the limited purposes of any evidence that cannot be used against Mojarro. The nature of the case is not particularly complex. The case against Mojarro will rest on whether the jury believes, beyond a reasonable doubt, that Mojarro was a member of the charged drug distribution conspiracy. There is nothing special about the case that would lead the Court to doubt the jury's ability to separate evidence against Mojarro from evidence against the other defendants. Mojarro raises the hypothetical possibility of prejudice stemming from co-defendant admissions, but severance on that basis is premature without knowing if any admissions are involved or how they might affect Mojarro.

Mojarro's request for a severance based on his speedy trial right is effectively a reiteration of his objection to the earlier continuance of the trial. The Court found the continuance to be reasonable and all that is required is the Court's previous finding that "the ends of justice served by the continuance outweigh the best interests of the public and defendant in a speedy trial."

The motion for severance is DENIED.

IT IS SO ORDERED.

Date: December 3, 2018

_Dale S. Fischer_
Dale S. Fischer
United States District Judge